IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MICHAEL J. RODRIGUEZ,

        Plaintiff,

  v.

DAVE FAVRO, Clinton County Sheriff,
*et al.*,

        Defendants.

Civil Action No.
9:14-CV-0418 (DNH/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

Michael J. Rodriguez, *Pro Se*
20140081
Clinton County Jail
25 McCarthy Drive
Plattsburgh, NY 12901

FOR DEFENDANTS:

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

    *Pro se* plaintiff Michael J. Rodriguez, an inmate currently confined in the Clinton County Jail, located in Plattsburgh, New York, has commenced this action, pursuant to 42 U.S.C. § 1983, against the Clinton County

Sheriff, an administrator at the jail, and the jail itself alleging deprivation of his civil rights.[1] Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been referred to me for review. Having considered plaintiff's complaint and IFP application, I grant him leave to proceed IFP and recommend that he be permitted to proceed with his claims against all of the named defendants, with the exception of the Clinton County Jail.

I. BACKGROUND

On or about March 19, 2014, plaintiff submitted the complaint in this action, naming the sheriff of Clinton County, identified as Dave Favro; Major Smith, a jail administrator; and the Clinton County Jail as defendants. Dkt. No. 2 at 1-2. The complaint alleges that, on February 13, 2014, plaintiff, a Rastafarian, was told that he is not permitted to wear his religious head covering, or crown, during movement at the facility, visitation, recreation, and court visits. *Id.* at 3-4. Plaintiff contends that the directive violates his First Amendment right to freely exercise his chosen religion as a Rastafarian. *Id.*

As originally filed in the Southern District of New York, plaintiff's complaint was accompanied by a motion for leave to proceed IFP. Dkt.

---

[1] This action was initially filed in the Southern District of New York but was subsequently transferred to this district pursuant to 28 U.S.C. § 1406(a). Dkt. No. 3.

2

No. 1. Upon initial review of the case in this district, following the transfer, District Judge David N. Hurd determined that plaintiff's IFP application was incomplete and accordingly denied the application, ordered that the case be closed administratively, and afforded the plaintiff thirty days to either pay the filing fee in full or submit a completed IFP application with a signed inmate authorization form. Dkt. No. 5. Upon receipt of a completed inmate authorization form on April 24, 2014, the case was reopened and forwarded to me for review. Dkt. Nos. 6, 7.

## II. DISCUSSION

### A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, set at $350 at the time plaintiff filed his complaint, must ordinarily be paid. 28 U.S.C. § 1914(a).[2] A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff now meets the requirements for IFP status, his application for leave to proceed IFP is granted.[3]

---

[2] Effective May 1, 2013, the Judicial Conference increased the fee for commencing an action in a federal district court from $350 to $400 by adding a $50 administrative fee.

[3] Plaintiff is reminded that, although his IFP application has been granted, he will

B. Sufficiency of Plaintiff's Complaint

1. Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and

---

still be required to pay fees that he incurs in this action, including copying and/or witness fees.

1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is

5

proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

2. Analysis

Plaintiff's complaint asserts that defendants have deprived him of his right to freely exercise his chosen religion. Dkt. No. 2 at 3-4. Mindful of the Second Circuit's instruction to liberally construe a *pro se* plaintiff's pleading, *Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), I find that plaintiff should be permitted to pursue his First Amendment claim to the extent it is asserted against defendants Favro and Smith. In so ruling, I express no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

Plaintiff's First Amendment claim asserted against defendant Clinton County Jail, however, is legally deficient. It is well established that a correctional facility, such as the Clinton County Jail, cannot be independently sued because it is not a distinct legal entity. *See Lukes v. Nassau Cnty. Jail*, No. 12-CV-1139, 2012 WL 1965663, at *2 (N.D.N.Y. May 29, 2012) (dismissing claims against defendant Nassau County Jail

because it "is an administrative arm of Nassau County, without a legal identity separate and apart from the County"); *see also Hoisington v. Cnty. of Sullivan*, 55 F. Supp.2d 212, 214 (S.D.N.Y. 1999) ("Under New York Law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments like the Department of Social Services are not amenable to suit, and no claims lie directly against the Department." (citations omitted)). For this reason, I recommend that the claim asserted against defendant Clinton County Jail be dismissed. In deference to plaintiff's *pro se* status, however, I recommend that the court *sua sponte* substitute Clinton County as a defendant in the place of the Clinton County Jail.[4]

---

[4] It is well-settled that a municipality, such as Clinton County, may not be liable pursuant to section 1983 under the theory of respondeat superior. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978). In order to hold Clinton County liable under section 1983, plaintiff's complaint must allege sufficient facts to plausibly allege that the individual defendants' unconstitutional actions were taken pursuant to an official municipal policy, custom, or practice. *Monell*, 436 U.S. at 690-91; *see also Vann v. City of N.Y.*, 72 F.3d 1040, 1049 (2d Cir. 1995). Because it is unclear from a reading of plaintiff's complaint whether he has alleged that the instructions given to him regarding the wearing of head coverings was pursuant to a county policy, custom or practice, and in deference to his *pro se* status, I recommend that Clinton County be named as a defendant. Again, in rendering this recommendation, I express no opinion as to whether plaintiff's claims against the County can withstand a properly filed motion to dismiss or for summary judgment.

III. SUMMARY AND RECOMMENDATION

Plaintiff's IFP application, which is now complete, will be granted. Having reviewed plaintiff's complaint, I recommend that it be approved for filing and for the issuance of summonses, subject to dismissal of plaintiff's claims against the Clinton County Jail and substitution of Clinton County in its place.

Based upon the foregoing, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 1) is GRANTED; and it is further

ORDERED that the clerk provide the superintendent of the Clinton County Jail, designated by plaintiff as his current location, with a copy of plaintiff's authorization form (Dkt. No. 6), and notify the official that this action has been filed and that plaintiff is required the pay the Northern District of New York the entire statutory filing fee of $350 pursuant to 28 U.S.C. § 1915; and it is further

ORDERED that the clerk provide a copy of plaintiff's authorization form (Dkt. No. 6) to the financial deputy of the clerk's office; and it is further respectfully

RECOMMENDED that plaintiff's claims against the Clinton County Jail be dismissed and that Clinton County be substituted in place of that

defendant; and it is further hereby

RECOMMENDED that, upon adoption of this report and recommendation, the clerk be directed to issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the named defendants and that the clerk forward a copy of the summons and complaint in this action by mail to the County Attorney for Clinton County, together with a copy of the court's final decision and order; and it is further

RECOMMENDED that the defendants be directed to file a response to the complaint as provided for in the Federal Rules of Civil Procedure following service of process on the defendants; and it is further hereby

RECOMMENDED that the court order all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their**

**attorneys will be returned, without processing.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action;** and it is further

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: September 11, 2014
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge

11